IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAURICE R. GOINS,

        Plaintiff,                          04cv1300
                                           ELECTRONICALLY FILED

        v.

FRANK D. GILLIS, ET AL.

        Defendants.

**MEMORANDUM ORDER**

Before the Court is a Motion to Reconsider filed by *pro se* Plaintiff, Maurice Goins. The Court will deny the Motion for the reasons stated herein.

More than nine years ago, on August 26, 2004, Plaintiff filed a Motion to proceed *in forma pauperis* anda Petition for Writ of *Habeas Corpus*. ECF 1. The Petition for Writ of *Habeas Corpus* was refiled on October 20, 2004, service was executed, and Defendants filed their Answer to same on December 10, 2004. After obtaining the State Court records related to Plaintiff's Petition, the late Magistrate Judge Amy Hay issued a Report and Recommendation on June 14, 2005, recommending that the Petition for Writ of *Habeas Corpus* be denied as untimely and that a certificate of appealability also be denied. See ECF 18. This Court adopted the Report and Recommendation of Magistrate Judge Hay, denying the Petition for Writ of *Habeas Corpus* and denying that a certificate of appealability.

On July 14, 2005, Plaintiff filed an appeal with the United States Court of Appeals for the Third Circuit. On October 21, 2005, the Court of Appeals denied Plaintiff's request for a certificate of appealability foreclosing Plaintiff from litigating his Petition before that Court.

Following this 2005 decision, nothing substantive appeared on the Court's docket for over nine years. Then, on December 9, 2014, Plaintiff filed a Motion for Relief from Reproducing the Record and Making Copies. ECF 28. This case was referred to Magistrate Judge Robert Mitchell, who, on December 11, 2014, denied the request as moot via a Text Order stating: "ORDER denying as moot [28] Motion for relief from reproducing record since a certificate of appealability was denied over nine years ago and there is nothing pending at CA 04-1300."

Also on December 11, 2014, Plaintiff filed a Motion for Leave to file an Amended *Habeas Corpus* Petition. ECF 29. In response to this Motion, Magistrate Judge Mitchell issued a Text Order granting in part and denying in part Plaintiff's Motion. Magistrate Judge Mitchell ordered as follows: "ORDER granting in part and denying in part [29] Motion for Leave to File amended petition. Leave to amend his 2004 petition is denied. Leave to proceed *in forma pauperis* is granted and the Clerk is directed to file the amended petition at a new case number." See Text Order at docket entry dated December 11, 2014.

As a result of Magistrate Judge Mitchell's December 11, 2014 Order, the Clerk opened another case (at docket number 14cv1683) and filed Plaintiff's Motion to proceed *in forma pauperis* at docket entry number 1, and then filed the [Amended] Petition for Writ of *Habeas Corpus* at docket entry number 2. On December 16, 2014, Magistrate Judge Mitchell issued the following Order transferring the entire matter to the United States Court of Appeals:

MEMORANDUM and ORDER

Mitchell, M.J.:

Maurice R. Goins, an inmate at the State Correctional Institution at Huntingdon has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Goins is presently serving a twenty to forty year sentence imposed on November 9, 1999, following his conviction by a jury of criminal homicide at No. CP-02-CR-8059-1998 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1]

However, this is not Goins' first federal petition challenging his conviction at CP-02-CR-8059-1998. At 04-cv-1300[,] Goins filed a habeas corpus petition which was dismissed as untimely on June 30, 2005 and a certificate of appealability was denied on October 21, 2005. At 09-cv-1484[,] he submitted a habeas petition which was dismissed as successive on February 9, 2010. At 12-cv-711 he submitted another petition which was dismissed on August 2, 2011 for failure to prosecute. Finally, at 2:12-cv-1598 he filed a fourth federal habeas corpus petition challenging that same conviction. The latter petition was dismissed on November 20, 2012 as time barred and a certificate of appealability was denied. No appeal was pursued.[2] Goins now returns to this Court again seeking to challenge his state court conviction.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.' 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

---

[1] See: Petition at ¶¶ 1-6.
[2] Goins also filed a "petition for a writ of habeas corpus ad testificandum" at 2:12-cv-373 which was dismissed as meritless on November 20, 2012.

3

> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>
> 28 U.S.C. § 2244(b)(3).
>
> Because the instant petition was improperly filed in this court as opposed to the Court of Appeals as required by 28 U.S.C. 2244(b)(3)(A), this Court lacks jurisdiction over it without the authorization of the Court of Appeals, and it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.
>
> An appropriate Order shall be entered.

See, 2:14-cv-01683-RCM at docket entry 3.

Now, nearly three years later, Plaintiff is asking this Court to Reconsider Magistrate Judge's Order filed in the instant matter which **granted** Plaintiff the substantive relief he sought in his Motion frilled at [ECF 29](ECF 29). [ECF 29](ECF 29) was Plaintiff's request to proceed *in forma pauperis* and amend his *habeas* Petition. Again, Magistrate Judge Mitchell, via text order, directed the Clerk to file Plaintiff's amended *habeas* Petition at a new docket number, which the Clerk did. Thus, the only portion of Plaintiff's December 11, 2014 request (filed at [ECF 29](ECF 29)) which Magistrate Judge Mitchell denied was that the amended *habeas* Petition be filed on this specific docket.

Simply stated, Magistrate Judge Mitchell **granted** the substance of Plaintiff's Motion filed at [ECF 29](ECF 29) on this docket, by ordering that a new docket be opened to allow litigation on Plaintiff's [Amended] Writ to proceed. Accordingly, the Court will deny Plaintiff's Motion to Reconsider the Motion filed by Plaintiff at [ECF 29](ECF 29) as moot given that he was successful on that Motion.

**SO ORDERED, this 12th day of October, 2017.**

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All ECF Registered Counsel of Record
      and

Maurice Goins
EB-7972
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654